IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSEPH WAYNE SEYMOUR, <br><br> Plaintiff, <br><br> vs. <br><br> NATHAN CONTRERAZ, TYREL FLAMMANG, RILEY FINNEGAN, DAVID FIREBAUGH, MATTHEW LENNICK, CITY OF BILLINGS, AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., and DOES 1-10, <br><br> Defendants. | CV 22-125-BLG-SPW-KLD <br><br><br> FINDINGS & RECOMMENDATION |

This matter comes before the Court on Defendant American Medical Response Ambulance Service, Inc.'s ("AMR") Motion to Dismiss Count 5 of Plaintiff Joseph Wayne Seymour's ("Seymour") First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on the motion on February 7, 2023. For the reasons set forth below, the Court recommends that AMR's motion be granted.

1

I.     **Background**[1]

AMR is for-profit corporation headquartered in Colorado, and is licensed by Defendant City of Billings ("the City") to provide ambulance services for the City. (Doc. 21 at ¶ 74). AMR also contracts with the City to share dispatch data and routing information with the City's emergency dispatch center via a shared computer interface. (Doc. 21 at ¶¶ 75-76).

On the morning of August 13, 2019, an employee of a Zip Trip gas station located in Billings, Montana called 911 to report suspicious behavior from an unknown man outside the gas station. (Doc 21 at ¶ 11). Billings Police Officer Nathan Contreraz responded to the call and identified Seymour as matching the description provided by the Zip Trip employee. (Doc. 21 at ¶ 14). Billings Police Office Tyrel Flammang arrived on the scene to assist, and the two officers searched Seymour for weapons, threw him to the ground, restrained him, and repeatedly struck him on the face, head, and back. (Doc. 21 at ¶¶15-38).

Billings Police Officers Riley Finnegan, David Firebaugh, and Matthew Lennick then arrived on the scene, and saw that Seymour's face was bleeding. (Doc. 21 at 45-47). Officer Finnegan called for medical care, and an ambulance operated by AMR arrived approximately two minutes later. (Doc. 21 at ¶¶ 46, 57).

---

[1] The following facts are taken from the First Amended Complaint (Doc. 21) and are assumed to be true for the limited purpose of AMR's Rule 12(b)(6) motion to dismiss.

Two emergency medical technicians ("EMT") approached Seymour, but he declined medical attention and refused to answer their questions. (Doc. 21 at ¶¶ 59-60). One of the EMTs then recommended to police officers that Seymour receive a 400 mg ketamine injection to subdue him, which Seymour also attempted to refuse. (Doc. 21 at ¶¶ 63-65). The police officers restrained Seymour while one of the EMTs administered the injection, and Seymour was taken to the hospital where he was treated for minor. (Doc. 21 at ¶¶ 66-72).

On August 9, 2022, Seymour filed this action against AMR, the City, and Billings Police Officers Contreraz, Flammang, Finnegan, Firebaugh, and Lennick, alleging claims federal constitutional claims under 42 U.S.C. § 1983 and several state law theories of recovery. (Doc. 1). Seymour filed his First Amended Complaint on October 26, 2022. (Doc. 21). Relevant to this motion, Seymour alleges the following claims against all Defendants: violations of his rights under the Montana Constitution, including the right to individual privacy; to be secure from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law (Count 5); assault and battery (Count 6); and negligence (Count 7). (Doc. 21).

AMR moves to dismiss Count 5 on the ground that Montana law prohibits constitutional tort actions where adequate remedies exist under statutory or common law for injuries arising out of the same conduct. (Doc. 29; Doc. 30 at 2).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Dismissal under Rule 12(b)(6) is proper if the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations in the complaint as true and construes the pleading in the light most favorable to the nonmoving party. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021).

Dismissal under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 687. A facially plausible claim allows the court to draw a reasonable inference that a defendant is liable for the alleged misconduct and requires more than pleading facts "merely consistent" with a defendant's liability. *Iqbal*, 556 U.S. at 678.

//

## III. <u>Discussion</u>

AMR argues that Count 5 of Seymour's First Amended Complaint fails to state a cognizable legal claim because Montana law precludes a plaintiff from bringing state constitutional claims where adequate remedies exist under statutory or common law. (Doc. 30 at 6). AMR begins its argument with *Dorwart v. Caraway*, 58 P.3d 128, 131 (Mont. 2002), in which the Montana Supreme Court first recognized a private cause of action for violations of the rights to privacy, to be free from unreasonable searches and seizures, and to due process of law under Article II, Sections 10, 11, and 17 of the Montana Constitution. The Montana Supreme Court has since clarified that the constitutional tort theory recognized in *Dorwart* is not available where "adequate remedies exist under statutory or common law." *Sunburst School distr. No. 2 v. Texaco, Inc.*, 165 P.3d 1079, 1093 (Mont. 2007). See *Estate of Frazier v. Miller*, 484 P.3d 912 922 (Mont. 2021) (explaining that as clarified in *Sunburst*, "*Dorwart* established a constitutional tort based on the absence of any other adequate remedy at law"). AMR contends that Seymour has adequate common law remedies available to address the injuries he claims to have suffered as a result of AMR's alleged constitutional violations, as evidenced by the fact that he has asserted common claims for negligence, assault, and battery based on the same conduct. Because Seymour has adequate common law remedies, AMR argues, his constitutional tort claim must be dismissed.

5

Seymour counters that *Sunburst* is distinguishable, and does not apply to the facts of this case. In *Sunburst,* private property owners brought suit against Texaco for damages caused by Texaco's neighboring gasoline refinery, and sought common law restoration damages as well as monetary damages for violating their "right to a clean and healthful environment" under Article II, Section 3 of the Montana Constitution. *Sunburst*, 165 P.3d at 1083, 1092. The Montana Supreme Court held the district court erred in instructing the jury on the constitutional tort theory because common law restoration damages provided an adequate remedy for any damages caused by the contamination. *Sunburst*, 165 P.3d at 1093. In doing so, *Sunburst* distinguished *Dorwart* on the ground that the defendants in that case were state actors, reasoning that "an injury inflicted by a government agent differs from the injury inflicted by a private individual." *Sunburst*, 165 P.3d at 1093. Seymour contends that like the defendants in *Dorwart*, AMR's employees were acting under color of state law when they allegedly violated his common law rights. Thus, according to Seymour, the holding in *Sunburst* does not control here because "[c]ommon-law tort are "inadequate to remedy the unique harm caused by this abuse of state power." (Doc. 33 at 8).

Seymour's argument is foreclosed by the Montana Supreme Court's more recent decision in *Estate of Frazier*. There, the estate of Nicholas Frazier brought suit against a Deer Lodge, Montana police officer, asserting common law tort

6

claims for assault, wrongful death, and negligence. *Estate of Frazier*, 484 P.3d at 916. The estate also brought a constitutional tort claim, alleging violations of Frazier's rights to privacy, to due process, to be free from unreasonable search and seizure under Article II of the Montana Constitution. *Frazier*, 484 P.3d at 916. The district court granted summary judgment in favor of the officer on the estate's constitutional claim, but allowed the negligence claim to go forward. *Estate of Fraizer*, 484 P.3d at 916, 922.

The Montana Supreme Court affirmed on two grounds. *Estate of Frazier*, 484 P.3d at 921. First, the Court agreed that the undisputed evidence demonstrated the officer had engaged in a constitutionally permissible welfare check, and held the constitutional claim was properly dismissed based on the community caretaker doctrine. *Estate of Frazier*, 484 P.3d at 921. Second, the Court held the district court properly refused to submit the constitutional tort claim to the jury because "the Estate's common law negligence claim provided an adequate remedy for any damages cause by [the officer's] alleged unconstitutional acts." *Estate of Frazier*, 484 P.3d at 921.

To the extent Seymour argues the second basis for *Estate of Frazier*'s holding is mere dicta, the Court is not persuaded. The Montana Supreme Court's thorough discussion makes clear that even where the defendant is a government actor, as is alleged here, the constitutional tort theory recognized in *Dorwart* is not

7

available where adequate common law remedies exist. *Estate of Frazier*, 484 P.3d at 921-922.

Seymour nevertheless asks this Court to disregard *Estate of Frazier* and instead follow two decisions out of this district, *Brothers v. Monaco*, 363 F.Supp.3d 1138, 1152 (D. Mont. 2019) and *Peschel v. City of Missoula*, 664 F.Supp.2d 1149, 1160 (D. Mont. 2009). In *Brothers*, the Court denied a Rule 12(b)(6) motion to dismiss the plaintiff's state constitutional claims as premature, finding no "hard-and-fast rule disallowing constitutional claims arising from facts that may possibly give rise to a viable statutory or common law claim." *Brothers*, 363 F.Supp.3d at 1152. In *Peschel*, the Court read *Dorwart* as rejecting "the argument that the availability of other adequate remedies precludes claims under the Montana Constitution" and allowed the plaintiff to proceed on state common law and constitutional tort theories. *Peschel*, 664 F.Supp.2d at 1159-60.

Seymour's argument that this Court should disregard *Estate of Frazier* in favor of following *Brothers* and *Peschel* is misplaced. *Brothers* and *Peschel* both predate *Estate of Frazier*, which reaffirmed based on *Dorwart* and *Sunburst* that state constitutional claims are not available where adequate common law remedies exist. *Estate of Frazier*, 484 P.3d at 921-922. To the extent *Brothers* and *Peschel* support Seymour's argument that he should be allowed to proceed on his state

8

common law and constitutional claims, those decisions are not persuasive in light of the Montana Supreme Court's more recent decision in *Estate of Frazier.*

Seymour nevertheless argues based on *Brothers* that "at the very least," the Court should not dismiss his "constitutional claim until it is dispositively concluded" later in the litigation that any tort remedies can adequately address his alleged injuries. (Doc. 33 at 9). Although *Brothers* concluded it was permissible for the plaintiff to plead alternative common law and constitutional theories of recovery, it did not address whether the plaintiff had pled any basis for claiming that his common law claims did not provide an adequate remedy. *Brothers*, 363 F.Supp.3d at 1152.

Here, as argued by AMR, Seymour has not pled facts demonstrating that his common law claims will not adequately address any potential damages caused by the alleged constitutional violations. While Seymour asserts in opposition to AMR's motion that his common law claims will not provide an adequate remedy, he does not explain why this is so or point to any facts alleged in the complaint that would support such a conclusion. Absent such a showing, Seymour's constitutional claims as set forth in Count 5 of the First Amended Complaint are subject to dismissal. *Sunburst*, 165 P.3d at 1093. See also *Salminem v. Morrison & Frampton, PLLP*, 339 P.3d 602, 611 (Mont. 2014) (affirming Rule 12(b)(6) dismissal of the plaintiffs' claim under the Montana Constitution, reasoning that

9

any constitutional arguments could "be considered as part of their [common law tort] claim or any damages arising therefrom"); *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 228 P.3d 1134, 1142 (Mont. 2010) (affirming Rule 12(b)(6) dismissal of constitutional tort claims because the plaintiffs "failed to demonstrate how common law or statutory remedies would not adequately address any potential damages").

## IV.  Conclusion

Accordingly, and for the reasons outlined above,

IT IS RECOMMENDED that AMR's Rule 12(b)(6) Motion to Dismiss Count 5 of the First Amended Complaint for failure to state a claim be GRANTED.[2]

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

//

//

//

//

---

[2] The Court notes that no other Defendants have joined in AMR's motion.

served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 15th day of February, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge