IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSEPH WAYNE SEYMOUR,<br><br>              Plaintiff,<br><br>vs.<br><br>NATHAN CONTRERAZ, TYREL FLAMMANG, RILEY FINNEGAN, DAVID FIREBAUGH, MATTHEW LENNICK, CITY OF BILLINGS, AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., and DOES 1-10,<br><br>              Defendants. | CV 22-125-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION |

Before the Court is Magistrate Judge DeSoto's Findings and Recommendation (Doc. 43) regarding Defendant American Medical Response Ambulance Service, Inc.'s ("AMR") Motion to Dismiss Count 5. (Doc. 29). Judge DeSoto recommended that the motion be granted because Count 5 asserts Montana constitutional tort claims that are adequately addressed by common law or statutory remedies and are therefore subject to dismissal under Montana Supreme Court precedent. (Doc. 43 at 8-9). Plaintiff Joseph Seymour objects, arguing that Judge DeSoto wrongly interpreted controlling caselaw and incorrectly determined that his constitutional tort claims were adequately addressed in his

1

other claims. (Doc. 46 at 3). For the following reasons, the Court agrees with Judge DeSoto and grants AMR's motion.

## I. Background

Judge DeSoto relied on the facts asserted by Seymour in his First Amended Complaint (Doc. 21), accepting them as true for the limited purpose of AMR's Federal Rule 12(b)(6) motion. (Doc. 43 at 2). Plaintiff does not object to Judge DeSoto's recitation, but the Court will outline the asserted facts for clarity.

In the early morning of August 13, 2019, a gas station convenience store employee called the police to report her concerns about a man acting strangely outside the store, pacing nearby. Billings Police Officers Nathan Contreraz and Tyrel Flammang responded to the call and located Seymour in an alley behind the store. Contreraz demanded to see Seymour's identification and told Seymour the officers were going to search him for weapons. During the search, the officers, apparently believing Seymour was resisting, threw Seymour to the ground and beat him. While Seymour was face down on the ground, Contreraz struck Seymour's face and head with fists and elbows, causing Seymour to bleed from the face, and Flammang punched Seymour's lower back. More officers arrived on scene and called EMTs to render medical assistance due to the excessive amount of blood. The EMTs arrived and suggested a 400 mg ketamine injection to subdue Seymour,

who refused to answer EMTs questions or accept aid. Seymour attempted to refuse the injection, but the officers and EMTs proceeded to forcibly sedate him.

Seymour subsequently filed the instant suit, alleging, among other claims, violations of his rights under the Montana Constitution (Count 5), assault and battery (Count 6), and negligence (Count 7). AMR moved to dismiss Count 5, arguing that it alleges constitutional tort claims that are duplicative of claims in other counts, rendering them impermissible under the Montana Supreme Court's holding in *Estate of Frazier v. Miller*, 484 P.3d 912, 922 (Mont. 2021).

Judge DeSoto agreed with AMR, ruling that *Estate of Frazier* controlled. (Doc. 43 at 6-7). In *Estate of Frazier*, the Court held that the Estate's constitutional tort claims stemming from an alleged wrongful shooting death by police officers were precluded because "the Estate's common law negligence claim provided an adequate remedy for any damages caused by [the officer's] alleged unconstitutional acts." 484 P.3d at 921. Judge DeSoto found that the claims asserted here and in *Estate of Frazier* were sufficiently alike to warrant the same result even though *Estate of Frazier* was in the context of summary judgment, stating that "Seymour has not pled facts demonstrating that his common law claims [of assault and battery and negligence] will not adequately address any potential damages caused by the alleged constitutional violations." (Doc. 43 at 9). Accordingly, Judge DeSoto recommended dismissal of Count 5. (Doc. 43 at 10).

3

Seymour objects to Judge DeSoto's ruling, arguing that *Estate of Frazier* does not preclude the constitutional torts he alleges. (Doc. 49 at 6-7). He argues that the Montana Supreme Court's discussion of constitutional torts is dicta, that even if it is not dicta, it is an extremely narrow alternative holding, and that dismissal is not ripe at this stage. (Doc. 49 at 14-15).

## II.   Legal Standard

### A. Standard of Review

Litigants are entitled to *de novo* review of those findings or recommendations to which they properly object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018). A district court, when conducting review of a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

### B. *Motion to Dismiss*

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to the non-moving party. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). However, the complaint is insufficient if it provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## III. Discussion

Two of Seymour's objections concern the weight and effect of the discussion of constitutional tort preclusion in *Estate of Frazier*. Seymour argues that the Court only discussed the viability of the Estate's constitutional tort claims after determining that, as a matter of law, the defendant did not violate Frazier's constitutional rights, rendering the conclusion either dicta or a limited alternative holding. (Doc. 49 at 13-14). But even accepting Seymour's argument as true and

5

that the holding is merely persuasive rather than binding authority, it does not follow that this Court should just ignore the holding and clear statement by the Montana Supreme Court. In *Estate of Fraizer*, the Court unequivocally stated, "we clarified that *Dowart* established a constitutional tort based on the absence of any other adequate remedy at law. In contrast, we determined that if plaintiffs could vindicate their rights through an alternate remedy a constitutional remedy need not be employed." 484 P.3d at 922 (internal citations omitted). Beyond that, the Court was discussing nearly identical claims as presented by Seymour here. The Court stated:

> Because an officer's skill and training are grounded in the constitutional parameters of law enforcement authority, the court instructed the jury on the laws and exceptions regarding warrantless entry into a residence, such as plain view and exigent circumstances, and on the community caretaker doctrine. The Estate was entitled to recover if the jury found that Officer Miller breached his duty of care under these principles. The negligence claim thus essentially encompassed the same standards a jury would use in consideration of the Estate's proffered constitutional tort claim. Accordingly, here the Estate's common law negligence claim provided an adequate remedy for any damages caused by Officer Miller's alleged unconstitutional acts. The District Court did not err by refusing to submit the separate constitutional tort theory to the jury.

*Id.* (internal citations omitted).

Seymour states that he pleads constitutional claims that are not generally coextensive with simple negligence, but Seymour does not state how or why the negligence and assault and battery claims would not provide an adequate remedy or why the Court should ignore the discussion in *Estate of Frazier*, even if it is not

6

strictly a mandatory holding. As such, Judge DeSoto correctly relied on and applied *Estate of Fraizer*.

The same analysis equally applies to Seymour's final objection. Seymour argues that, even if *Estate of Frazier* applies, it is premature to dismiss the claims this early in the proceedings. (Doc. 49 at 15-16). In support, Seymour relies on *Brothers v. Monaco*, where the court determined that dismissal of the plaintiff's constitutional tort claims was premature because facts may arise in discovery that differentiate the common law or statutory claims from the constitutional claims. 363 F. Supp. 3d 1138, 1152 (D. Mont. 2019). While this may be a correct general statement, here, Seymour has not made any showing of what facts or allegations may demonstrate the inadequacy of non-constitutional remedies. Plaintiffs must plead facts and state a plausible claim to relief. *Iqbal*, 556 U.S. at 678. Seymour has not done so here regarding his constitutional tort claims. As such, even given the standard elucidated in *Brothers*, dismissal is appropriate here because Seymour has failed to differentiate his common law claims from his constitutional tort claims. Accordingly, Judge DeSoto did not err in recommending dismissal of Count 5 under Rule 12(b)(6).

//

//

//

## IV. Conclusion

IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 43) are ADOPTED IN FULL. AMR's Motion to Dismiss Count 5 (Doc. 29) is GRANTED.

DATED this 23rd day of August, 2023.

SUSAN P. WATTERS
United States District Judge